Brian H. Turner, Esq. - SBN: 288924
Dana R. Wares, Esq. - SBN: 282895
Fraley & Fraley Bankruptcy Attorneys
1401 El Camino Ave - Ste #370
Sacramento, CA 95815
Ph: (916) 485-5444
E-mail: fraleyandfraley@gmail.com

Attorney for Rajinder Singh Walia and Meena Walia

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>RAJINDER SINGH WALIA<br><br>MEENA WALIA<br><br>, debtor | Case No. 2015-29099<br>DCN: FF02<br>Chapter 7<br>Hearing Date: January 13, 2016<br>Hearing Time: 10:00am<br>Hon. Robert S. Bardwil<br>6th Floor – Courtroom 34 |

## MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTORS' BUSINESS

Dana R. Wares, Esq. of Fraley & Fraley Bankruptcy Attorneys, on behalf of Rajinder Singh Walia and Meena Walia, the Debtors herein, hereby moves this Court for an Order Compelling Abandonment of the Estate's interest in the Debtors' Business. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on November 23, 2015. Susan K. Smith was duly appointed to serve as Trustee.

Motion to Compel          1

2. As shown in the filed schedules and the Statement of Financial Affairs of this case, the Debtors operate a business, Nu Liberty Taxi. Said business is located at 9354 Lost Springs Ct in Elk Grove, CA 95624.

3. The Debtors' tools of the trade, equipment, accounts receivable (if any) and other business-related assets (hereinafter, "Business Assets") have been disclosed in detail in the filed Schedules A and B (see exhibit #1 attached hereto). The 'Business Assets' in this case consist of a 2014 Honda Accord LX. The Debtors have placed a value on this asset in the aggregate total of $11,789.00.

4. As shown in Schedule D (See exhibit #1 attached hereto), the Debtors assert that Honda Finance holds a lien against the BUSINESS ASSETS in the amount of $7016.35.

5. As shown in Schedule C (see exhibit #1 attached hereto), the Debtors have claimed exemptions totaling $ 4,772.65 against the values of the 'Business Assets'.

6. In summary

    a. Gross value of 'Business Assets' ............................................................$11,789.00

    b. Liens against the 'Business Assets' ......................................................-$7,016.35

    c. Gross Equity ...........................................................................................$4,772.65

    d. Exemptions claimed on the 'Business Assets' .....................................-$ 4772.65

    e. Net value of 'Business Assets' to the estate ................................................$0.00

7. The Debtors assert that there does not appear to be any business equipment or inventory that can be profitably liquidated by the Trustee over and above (a) the liens, if any, in Schedule D attaching to the 'Business Assets' and (b) the exemptions, if any, in Schedule C as claimed by the Debtors.

8. The Debtors are aware that, under the provisions of Title 11, US Codes §721, only the Trustee has the authority to operate the Debtors' business; and then, only with an order

of the Court. Otherwise, the Trustee is obliged to shut down the business or abandon the estate's interest in the business.

9. However, the Debtors assert that, based on the lack of any unexempt equity in any business-related asset, equipment or inventory, there is no benefit to the estate to either operating OR shutting down this business.

10. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtors, to file a motion seeking to compel the Trustee to abandon property of the estate. Wherefore, the Debtors move this Court to issue an Order Compelling the Trustee to Abandon the Estate's Interest in the Debtors' Business.

Respectfully submitted on December 23, 2015.

*Dana Wares*
Dana R. Wares, Esq.
Fraley & Fraley Bankruptcy Attorneys